# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-1375V
### Filed: January 29, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

DIANNE GAIL STROBEL,      *

                               *

            Petitioner,      *         Ruling on Entitlement; Concession;

                               *         Influenza ("Flu") Vaccination;

                               *         Shoulder Injury Related to Vaccine

SECRETARY OF HEALTH      *         Administration ("SIRVA"); Special

AND HUMAN SERVICES,      *         Processing Unit ("SPU")

                               *

                               *

            Respondent.      *

                               *

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On November 13, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her November 19, 2014 influenza vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 28, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent "believes that petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration ('SIRVA')." *Id.* at 4.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent agrees that "petitioner met the statutory requirements by suffering the residual effects of her condition for more than six months*." Id.* Respondent further agrees that "based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master